CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-0579 RS |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date: August 26, 2025 |
| GABRIEL JOEY JONES, | Hearing Time: 2:30 pm |
| Defendant. | Hon. Richard Seeborg |

## INTRODUCTION

The Defendant, Gabriel Jones, stands before the Court to be sentenced after his guilty plea to a violation of Title 18, United States Code, Section 922(g)(1), being a felon in possession of a firearm. The government respectfully submits this sentencing memorandum to indicate that it has no objection to the Presentence Report and to recommend that the Court impose a sentence at the low end of the Guidelines range, or 46 months.

## DEFENDANT'S OFFENSE CONDUCT

Just after midnight on July 6, 2024, Defendant was driving a dark Chrysler with no rear plates on the Bay Bridge heading into San Francisco. CHP Officers initiated a traffic stop and pulled him over.

As officers approached the car, they noticed a gun between the front right passenger seat and the center console.  Officers removed Defendant and his passenger—co-defendant McKeller—from the car and recovered a pistol from the waistband of his pants.  That firearm was a Glock Model 19 Gen 5 firearm, with serial number BTXL429.  The gun was loaded with 9mm ammunition, and there was a second magazine, also loaded, with it.  That Glock was equipped with a switch that converted the semiautomatic pistol into an automatic weapon.  Further, Defendant was wearing body armor.

In addition to Defendant's own gun, McKeller had a firearm in his right hand, hidden in a sling that he was wearing because of a broken collarbone, and there was the pistol wedged between the passenger seat and the center console that initially drew the attention of the CHP officers.  Officers also found two large capacity magazines in the vehicle:  a 50 round drum magazine; and a loaded 30 round magazine.  Finally, there was a safe in the car that contained another pistol and a loaded magazine for it.

## SENTENING GUIDELINES CALCULATION

The Sentencing Guidelines are based on Defendant's 2010 prior conviction for Robbery, PSR ¶ 52, and the fact that the Glock switch is classified as a machine gun.

 a. <u>Base Offense Level, U.S.S.G. § 2K2.1(a)(3)</u>: 22
    (Firearm defined under 26 U.S.C. § 5845(a) and
    One prior felony crime of violence)

 b. <u>Acceptance of Responsibility</u>: - 3

 c. <u>Adjusted Offense Level</u>: 19

The government agrees with the Presentence Report's calculation of Defendant's criminal history status as a CHC IV.  With an adjusted offense level of 19 and status of CHC IV, it results in a Guidelines range of 46-57 months.

## SECTION 3553(A) FACTORS

The factors listed under 18 U.S.C. § 3553(a) direct the Court to impose a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The key factors in this case are the nature and circumstances of the offense and the history and characteristics of the defendant, 3553(a)(1), and the need for deterrence, 3553(a)(2)(B).

The nature of the offense is incredibly serious.  Far from a prohibited person having a firearm in

a home safe; Defendant had a fully automatic Glock and several high-capacity magazines; he was equipped with body armor; and he was driving into San Francisco late at night in a car with no plates and with a passenger who also had two guns at hand.

Defendant's history and characteristics are equally serious. The PSR reveals that this is Defendant's tenth or eleventh felony conviction. His criminal history features crimes such as robbery, PSR ¶ 52; battery with serious bodily injury PSR ¶ 51; drug trafficking, PSR ¶ 44; and assault, PSR ¶ 38. His CHC score underrepresents this extensive history because many of his priors have timed out, so they do not generate any criminal history points.

These factors normally would indicate that a lengthy sentence is necessary for deterrence—to prevent Defendant from engaging in more criminal behavior by removing him from the community. This would easily justify a sentence at the high end of the Guidelines range or even an upward variance.

However, in this case, Defendant accepted responsibly quickly. For this reason, the government is recommending a sentence at the low end of the range. A sentence of 46 months is less that his most recent conviction—the robbery conviction, which resulted in a seven year term—but the Court should credit his swift guilty plea.

## CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court sentence Defendant Gabriel Jones to a total term of 46 months, three years of supervised release, and a $100 special assessment. The government also requests that the Court order forfeiture of the firearms and ammunition in this case.

DATED: August 19, 2025                    Respectfully submitted,

                                                  CRAIG H. MISSAKIAN
                                                United States Attorney

                                                _____/s/_____
                                                KEVIN J. BARRY
                                                Assistant U.S. Attorney